IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RUBEN ALANIZ, JR., | § | |
| TDCJ No. 2224325, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-00141-M-BP |
| | § | |
| AMANDA LOWE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On September 6, 2018, this case was referred to the undersigned for pretrial management pursuant to Special Order No. 3-251. (*See* ECF No. 4). Before the Court is Defendants Amanda Lowe and Franklin Kennedy's Amended Motion to Dismiss filed March 4, 2019. (ECF No. 34). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** Defendants' Motion to Dismiss (ECF No. 34); **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendants in their official capacities for lack of subject matter jurisdiction; and **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendants in their individual capacities for failure to state a claim. The undersigned further **RECOMMENDS** that to the extent Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), those claims should be **DISMISSED WITH PREJUDICE**, but Plaintiff should be permitted to reassert them when the conditions under *Heck* are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

**BACKGROUND**

Plaintiff Ruben Alaniz ("Alaniz"), an inmate previously confined in the John R. Lindsey State Jail of the Texas Department of Criminal Justice ("TDCJ") in Jacksboro, Texas, brings this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Alaniz filed his original complaint on September 6, 2018, against Amanda Lowe and Franklin Kennedy, employees of the TDCJ's Parole Division. (ECF No. 1 at 3). Alaniz claims Defendants Lowe and Kennedy violated his Fifth and Fourteenth Amendment rights by illegally detaining him for a parole violation for which he had already received a discharge and pressured him to enter a guilty plea on a new offense. (*Id.*).

To clarify Alaniz's claims, the Court sent him a questionnaire seeking additional information. (ECF No. 7). In his answers to the questionnaire, Alaniz reasserted that he was being illegally detained. (*See* ECF No. 8). He sought leave to file an amended complaint (ECF No. 13), which the Court granted on December 11, 2018. (ECF No. 19). Because the amended complaint substantially clarified Alaniz's claims, Defendants Lowe and Kennedy were ordered to answer the amended complaint. (ECF No. 20). Defendants Lowe and Kennedy filed their first motion to dismiss on January 10, 2019. (ECF No. 25). Alaniz filed a response to the motion on February 4, 2019. (ECF No. 30). He also sought leave to file another Amended Complaint. (ECF No. 28), which request was granted on February 25, 2019. (ECF No. 32). The only substantive change in Alaniz's Amended Complaint, the live pleading in this case, was the addition of Defendant Pamela Thielke, Director of the TDCJ Parole Division. (*See* ECF No. 31). The Amended Complaint did not contain any new claims. (*Id.*). Any reference to "Defendants" includes Defendants Lowe, Kennedy, and Thielke.

As provided by the Court, Defendants Lowe and Kennedy filed their Amended Motion to

Dismiss (ECF No. 34) on March 4, 2019. In the Amended Motion, Defendants' counsel did not include a response by Ms. Thielke to the Amended Complaint because she had not been served with process. (ECF No. 34 at 1 n.1). Although the Court granted Alaniz an extension of time to file a response to the Amended Motion to Dismiss, he did not do so. Because the Amended Motion to Dismiss does not assert any new arguments why Alaniz's claims against Defendants should be dismissed, the Court will consider Alaniz's original response (ECF No. 30) in making a recommendation to Chief Judge Lynn. Moreover, because Defendant Thiele has not yet appeared or otherwise responded to Alaniz's Amended Complaint, the undersigned will review the Amended Complaint under the *in forma pauperis* screening standard described below in connection with Alaniz's claims against that defendant.

## LEGAL STANDARD

### I.    Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) permits a party to move for dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143

F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). "The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When considering a Rule 12(b)(1) motion, the court may consider evidence beyond the pleadings. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). A dismissal under Rule 12(b)(1) is without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming*, 281 F.3d at 161.

## II.    Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548 (N.D. Tex. 2014) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that a plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### III.   *In Forma Pauperis* Screening Standard

A district court "shall dismiss" a case brought *in forma pauperis* "at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To aid the court in determining whether it should dismiss an *in forma pauperis* complaint, the Fifth Circuit has approved the use of questionnaires and evidentiary hearings. *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). Responses to these questionnaires and hearings become part of the pleadings. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996). This is true even for Rule 12(b)(6) motions. *See id.* at 603 (concluding that on a Rule 12(b)(6) motion the relevant *Spears* hearing testimony remained part of the pleadings, even if superseded by an amended complaint). In accordance with these authorities, the Court has reviewed Alaniz's Original Complaint (ECF No. 1), Verified Responses to the Court's Questionnaire (ECF No. 7), and Amended Complaint (ECF No. 31), in each of which he proceeds *in forma pauperis*.

### ANALYSIS

Defendants Lowe and Kennedy moved to dismiss the Amended Complaint because: (1) Eleventh Amendment immunity bars Alaniz's claims to the extent the claims were made against them in their official capacities; (2) Alaniz's allegations do not state a claim upon which relief may be granted; and (3) Alaniz's claims are barred by *Heck v. Humphry* to the extent he seeks to invalidate his 2018 conviction. (*See* ECF No. 34).

### I.   **Eleventh Amendment Immunity bars Alaniz's claims against Defendants in their official capacities.**

Under the Eleventh Amendment, states may not be sued in federal court unless they unequivocally consent to suit or unless Congress, pursuant to a valid exercise of power,

6

unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). Eleventh Amendment immunity extends to state agencies and to state officials if the relief sought would operate against the state. *Id.* at 101.

Alaniz has sued Defendants in their individual and official capacities. (ECF No. 31 at 2). Defendants are employees of the TDCJ, an agency of the state of Texas. Tex. Gov't Code Ann. §§ 493.001-493.002 (West 2012). Thus, they are entitled to Eleventh Amendment immunity from the claims asserted against them in their official capacities because "the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101; *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 n.3 (5th Cir. 2011) (per curiam) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989))).

But there are three possible exceptions to Eleventh Amendment immunity: (1) for claims seeking injunctive or declaratory relief against a state official under *Ex Parte Young*, 209 U.S. 123 (1908); (2) a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997); and (3) Congress's abrogation of the state's immunity through section 5 of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001).

*Young* permits "prospective injunctive relief to prevent a continuing violation of federal law" against state officers in their official capacities and does not allow damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Alaniz has prayed for a preliminary and permanent injunction against the TDCJ Parole Division to "issue discharge certificates for all parolees being housed in the Wichita Co. jail as pre-trial [detainees] on charges occurring after their discharge date. Issue the Plaintiff a certificate from parole if one [hasn't] been given to the Plaintiff already at the time the injunction is executed." (ECF No. 31 at 4). However, a party

seeking an injunction must establish: (1) a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Sugarbusters v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990). Here, as described below, Alaniz's claims fail on the merits. Further, Alaniz does not have standing to request that discharge certificates be issued for all parolees housed in the Wichita County Jail on charges occurring after their discharge dates. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating even if Article III standing is met, a plaintiff cannot rest his claim to relief on the legal rights of third parties); *O'Hair v. White*, 675 F.2d 680, 687 (5th Cir. 1982) (same). Thus, Alaniz is not entitled to injunctive relief.

Further, Alaniz has not directed the Court to authority establishing that the state of Texas has waived immunity or consented to suit for claims alleged under 42 U.S.C. § 1983. The law is clear that Texas has not waived immunity or consented to suit under § 1983. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979) ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States . . . ."); *Baldwin v. Univ. of Texas Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996) ("Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985."). Moreover, although state officials literally are persons, they are not considered persons for § 1983 purposes when acting in their official capacities. *Will*, 491 U.S. at 71. Thus, Defendants are not susceptible to suit in their official capacities under § 1983. Finally, Alaniz has not advanced any theory or directed the Court to any authority establishing that Congress has abrogated the state of

8

Texas' immunity. Accordingly, Alaniz's claims against Defendants in their official capacities should be dismissed without prejudice for lack of subject matter jurisdiction.

**II.    Alaniz has not stated a claim against Defendants in their individual capacities.**

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Alaniz has failed to state a claim that he has been deprived of a federally secured right.

Alaniz alleges that his due process rights were violated when Defendants held him for violating the conditions of his parole for an offense that occurred after his discharge date. (ECF No. 31). Alaniz's complaint essentially eliminates any plausible claim. Alaniz alleges that he was released on parole for a prior offense on December 4, 2015 and that his discharge date for completing the conditions of his parole was December 21, 2017. (*Id.* at 2). He acknowledged he violated or potentially violated the following conditions of his parole before his discharge date: (1) being charged with the offense of criminal trespass; (2) not being found at his documented residence; and (3) not reporting to his parole officer after being arrested. (*Id.* at 2–3). Subsequently, Defendants Lowe and Kennedy recommended that a pre-revocation warrant be issued for his arrest on November 6 and 21, 2017, respectively. (*Id.*).

After the pre-revocation warrant issued, Alaniz alleges he was arrested on June 9, 2018 and was charged with a new offense, possession of a controlled substance (the "possession offense"). (*Id.* at 3). Alaniz clarified in his response to the Amended Motion to Dismiss that the pre-revocation warrant issued on November 21, 2017. (ECF No. 30 at 3). Alaniz alleges that on June 26, 2018 a preliminary hearing was held in which the possession offense was counted against

9

him as a parole violation thus making him ineligible for bond. (ECF No. 31 at 3–4). On July 9,

2018, the criminal trespass charge was dismissed, and he was denied release on personal bond due

to the pending parole violations. (*Id.* at 3–4). On October 19, 2018, Alaniz pleaded guilty to the

possession offense and was sentenced to twelve months confinement. (*Id.*). Alaniz has not pleaded

facts so that the Court can discern whether time credits were properly applied, nor does he

complain that time credits were misapplied to his sentence for the possession conviction.

Alaniz contends that because he is eligible for street-time credit under Texas Government

Code Section 508.283(c), it was improper to charge him with an additional parole violation for the

possession offense that occurred after his alleged discharge date of December 21, 2017. (ECF No.

30 at 3). "Street-time credit refers to calendar time a person receives towards his sentence for days

spent on parole or mandatory supervision." *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim.

App. 2004). Prior to the September 1, 2001 amendments to the Government Code, parole violators

in Texas did not have a right to street-time credit upon the revocation of parole or supervised

release. *Spann*, 132 S.W.3d at 393. However, the Fifth Circuit has stated the "amendment could

have created a liberty interest in retaining street-time credit for some prisoners whose release was

revoked after September 1, 2001." *Johnson v. Quarterman*, 304 F. App'x 234, 236 (5th Cir. 2008)

(per curiam).

Alaniz misunderstands how section 508.283(c) applies to street-time credit after a pre-

revocation warrant has issued. Texas Government Code Section 508.283(c) states:

> If the parole, mandatory supervision, or conditional pardon of a person other than
> a person described by Section 508.149(a) is revoked, the person may be required to
> serve the remaining portion of the sentence on which the person was released. For
> a person who on the date of issuance of a warrant or summons initiating the
> revocation process is subject to a sentence the remaining portion of which is greater
> than the amount of time from the date of the person's release to the date of issuance
> of the warrant or summons, the remaining portion is to be served without credit for
> the time from the date of the person's release to the date of revocation. For a person

who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

Tex. Gov't Code Ann. § 508.283(c) (West 2012). In *Ex parte Spann*, the Texas Court of Criminal Appeals clarified how section 508.283(c) operates by establishing a two-pronged test to determine whether a parolee is entitled to street-time credit:

> 1. If, on the SUMMONS date, the "remaining portion" of Applicant's sentence is greater than the time spent on parole, Applicant receives no street-time credit for the time spent on parole.
>
> 2. If, however, on the SUMMONS date, the "remaining portion" of Applicant's sentence is less than the time spent on parole, Applicant receives street-time credit for the amount of time spent on parole.

132 S.W.3d at 393 (footnote and emphasis omitted). The summons date refers to the "date of issuance of a warrant or summons initiating the revocation process." *Id.* at 393 n.6 (quoting Tex. Gov't Code Ann. § 508.283(c)). Defendants Lowe and Kennedy do not contest Alaniz's eligibility for street-time credit prior to the issuance of the pre-revocation warrant. They argue, however, that the time from November 21, 2017, the date the pre-revocation warrant issued, to June 9, 2018, the date of his arrest, should not count towards his sentence. (ECF No. 34 at 6). The undersigned agrees.

Section 508.253 states "[i]f it appears a releasee has violated a condition or provision of the releasee's parole or mandatory supervision, the date of the issuance of the warrant to the date of the releasee's arrest is not counted as a part of the time served under the releasee's sentence." *Id.* § 508.253. "[A]n 'arrest' occurs when the blue warrant causes the defendant's confinement." *Ex parte White*, 400 S.W.3d 92, 94 (Tex. Crim. App. 2013). Thus, none of the time from the issuance of the pre-revocation warrant to the date of Alaniz's arrest counts toward his sentence.

11

*Weems v. Quarterman*, 3-07-CV-0576-K, 2009 WL 1683402, at *3 (N.D. Tex. June 15, 2009) ("[P]etitioner is not entitled to 'street time' credits from April 5, 2006, the date the most recent violator's warrant was issued, to January 19, 2007, the date petitioner was arrested on the warrant."). Because Alaniz had time remaining on his sentence when he was arrested, it was not improper to include the possession offense as a possible parole violation.

To the extent Alaniz claims his denial of bail pending the resolution of his controlled substance charge violated his constitutional rights, such a claim is now moot. Alaniz has informed the Court of his change of address showing he is no longer in custody of the TDCJ or any other governmental entity. (ECF No. 41). Accordingly, Alaniz's claim is no longer a "live" controversy. *United States v. O'Shaughnessy*, 772 F.2d 112, 113 (5th Cir. 1985) (per curiam) (holding defendant's right to pretrial bail and the government's efforts to assure pretrial detention were mooted by defendant's subsequent conviction on his plea and sentence).

Accordingly, Alaniz has failed to state a claim against Defendants, and his complaint should be dismissed under Rule 12(b)(6) as to Defendants Lowe and Kennedy and under 28 U.S.C. § 1915(e)(2) as to Defendant Theilke.

### III.    Alaniz's claims challenging his conviction are barred by *Heck*.

Although not entirely clear, to the extent Alaniz seeks to challenge the possession conviction, any such challenge must be dismissed unless he demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Dismissal pursuant to *Heck* should be with prejudice, precluding a plaintiff from reasserting such claims unless he can demonstrate that the *Heck* conditions have

been satisfied. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27–28 (5th Cir. 1994).

Alaniz alleges Defendants' refusal to lift the pre-revocation warrant during his pretrial detention amounts to an "unethical motive and intent" to increase the likelihood of pretrial detainees entering guilty pleas. (ECF No. 31 at 5). Alaniz's allegations here necessarily implicate the validity of his guilty plea and conviction. Therefore, they are barred by *Heck*. Further, even if Alaniz's claims were not barred by *Heck*, absolute immunity protects individual members of the Texas Board of Pardons and Paroles when acting within their adjudicative functions and its employees when acting under the Board's rules in the context of a specific parole revocation proceeding. *Hulsey v. Owens*, 63 F.3d 354, 357 (5th Cir. 1995) (parole board members are absolutely immune from liability in performance of their adjudicative functions); *Farrish v. Mississippi State Parole Bd.*, 836 F.2d 969, 975–76 (5th Cir. 1988) (parole officer and hearing officer enjoy absolute immunity from liability for activities that clearly fall within the scope of the parole board's protected function). Alaniz has pleaded no facts to show that Defendants' actions were anything but the proper performance of their duties. Accordingly, absolute immunity also bars Alaniz's claims.

To the extent Alaniz asserts a speedy trial claim related to the length of his pretrial detention, it also should be dismissed. Alaniz's pretrial confinement at the Wichita County Jail began on June 9, 2018. (ECF No. 31 at 3). He pleaded guilty to the possession offense on October 19, 2018. (*Id.* at 4). A determination that 132 days of pretrial detention violated his right to a speedy trial would necessarily implicate the validity of his conviction. *Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. 2009) (per curiam). Thus, *Heck* bars Alaniz's speedy trial claim based on the length of his pretrial detention, and the claim should be dismissed with prejudice.

**IV.    Alaniz's claims should be dismissed with prejudice**.

Normally, a *pro se* plaintiff is offered an opportunity to amend his complaint prior to

dismissal. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). But where plaintiff has, through

court-issued questionnaires, the opportunity to state his best case, then the Court may dismiss his

claims with prejudice. *Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam). Here,

Alaniz has amended his complaint, responded to a questionnaire, and did not respond to

Defendants' Amended Motion to Dismiss. Under these circumstances, the undersigned concludes

that Alaniz has stated his best case, and his claims should be dismissed with prejudice.

**CONCLUSION**

After considering the pleadings and applicable law, the undersigned **RECOMMENDS**

that Chief United States District Judge Barbara M. G. Lynn **GRANT** Defendants' Amended

Motion to Dismiss (ECF No. 34); **DISMISS WITHOUT PREJUDICE** Alaniz's claims against

Defendants in their official capacity for lack of subject matter jurisdiction; and **DISMISS WITH**

**PREJUDICE** Alaniz's claims against Defendants in their individual capacities for failure to state

a claim. The undersigned further **RECOMMENDS** that to the extent Plaintiff's claims are barred

by *Heck v. Humphrey*, 512 U.S. 477 (1994), those claims also should be **DISMISSED WITH**

**PREJUDICE**, but Alaniz should be permitted to reassert them when the conditions under *Heck*

are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of this Findings, Conclusions,

and Recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state

14

the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

   **Signed** June 13, 2019.


Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE